*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 48**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

JACOB ZONTS,
*Petitioner,*

*v.*

PLEASANT GROVE CITY,
*Respondent.*

No. 20170495
Filed August 15, 2017

On Petition for Extraordinary Relief

Jacob Zonts, Pleasant Grove, pro se petitioner

Christine M. Petersen, Pleasant Grove, for respondent

PER CURIAM:

¶ 1 A group of sponsors prepared an initiative and obtained sufficient signatures to have that initiative placed on the November 2017 ballot for the Pleasant Grove City municipal election. The Utah County Clerk verified the signatures, and the Pleasant Grove City Attorney prepared a proposed ballot title. The sponsors submitted comments, and the City Attorney prepared the final ballot title.

¶ 2 Dissatisfied with certain aspects of the final ballot title, one of the sponsors then filed this petition pursuant to section 20A-7-508(6)(a) of the Utah Code.[1] Although the caption of the petition lists six sponsors as petitioners, only one of them, Jacob Zonts, is listed as the filer, with an address, phone number, and email address provided in the upper left-hand corner of the cover page.[2] None of

---

[1] The petition actually cites the parallel provisions of Utah Code section 20A-7-608(6), pertaining to referenda. As the response to the petition correctly observes, the petition pertains to an initiative rather than a referendum.

[2] The other sponsors listed in the caption are Dean Hale, Karl Khuni, Nathan Stoker, Blaine Thatcher, and Wendy Morgan.

the sponsors wrote or typed their names at the conclusion of the petition to attest that they were the individuals submitting it to the Court.

¶ 3 We decline to reach the merits of the petition's complaints regarding the final ballot title prepared by the City Attorney. Instead, we dismiss the petition without prejudice because it fails to comply with Utah Code section 20A-7-508(6)(a)(i) and rules 21 and 40 of the Utah Rules of Appellate Procedure.

¶ 4 Rule 21(e) requires that "[a]ll papers filed in the appellate court shall be signed by counsel of record *or by a party who is not represented by counsel*"; and rule 40(a) requires that "[e]very motion, brief, and other document must be signed by at least one attorney of record who is an active member in good standing of the Bar of this state *or by a party who is self-represented.*" UTAH R. APP. P. 21(e), 40(a) (emphases added). Moreover, because a non-attorney may not represent another person before this Court, all self-represented persons who claim to be parties to a case must sign any pleading. Thus, even assuming Mr. Zonts could be viewed as having signed the petition, none of the other sponsors signed it, and they cannot be treated as petitioners.[3]

¶ 5 For that reason, the petition fails to comply with Utah Code section 20A-7-508(6)(a)(i). In pertinent part, that provision requires a petition "that is brought by . . . at least three sponsors of the initiative petition." If the sponsors had been -represented by counsel, and if an attorney had signed the petition as required by rules 21 and 40 of the Rules of Appellate Procedure, then all persons listed as represented by the attorney could have been deemed to have "brought" the petition according to the statutory requirement. But, where the sponsors are self-represented, at least three of them must sign the petition to be treated as persons who have "brought" that petition.

¶ 6 Accordingly, we dismiss the petition.

———————

[3] We also note that the petition appears to lack a proper certificate of service—as required by rule 21(d) of the Rules of Appellate Procedure—because it simply states that "Jacob Zonts . . . certif[ied] that th[e] petition was sent to all necessary parties" without listing the name and address of the party or parties to whom the petition was sent and without specifying the method of delivery.